In the Matter of BERNARD KUSHNER, an Attorney, Respondent.

First Department, November 15, 1935.

S. C. Lewis of counsel [Einar Chrystie, attorney], for the petitioner.
David C. Broderick, for the respondent.

MARTIN, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on January 9, 1928, at a term of the Appellate Division of the Supreme Court, First Department, and has been engaged in practice as such attorney since his admission.

Charges of professional misconduct were filed against him and thereafter heard before an official referee who has reported respondent to have been guilty of converting to his own use certain property intrusted to him by a client.

In or about the month of March, 1933, one Miss Marion Harris was arrested in New York county upon a charge of extortion and confined in the Women's Prison, borough of Manhattan. Shortly thereafter she retained the respondent to represent her for an agreed fee of one thousand one hundred dollars, which was paid in full. At the request of Miss Harris, respondent took into his custody for safe-keeping pending her imprisonment, all of her personal property located at the address where she had been living, consisting of jewelry, clothing and other personal effects, including twenty-four English pounds in bank notes. The case of Miss Harris came up for trial on or about May 17, 1933, in the Court of General Sessions, New York county, and she was convicted. Thereafter the respondent stated to his client that he had been assured she would receive a suspended sentence, and advised her to permit him to purchase a ticket for her to England, for which purpose Miss Harris caused to be delivered to him the sum of one hundred ten dollars. She was sentenced on July 14, 1933, to an indeterminate term of from six months to two years. Shortly thereafter respondent represented that he had obtained a refund from the Cunard Steamship Company of the amount paid for the ticket and promised to deliver the money to whomever Miss Harris directed. Thereafter demand was made upon the respondent by his client and others on her behalf for the return of her personal property and said sum of one hundred ten dollars, but at the time the matter was investigated by the committee on grievances of the petitioner, respondent had failed to return any part thereof, although he had promised to do so. He failed to acknowledge letters written to him by his client and by the attorney for the petitioner's committee on grievances, and he failed to appear at the hearing of the committee at which the matter was investigated. It was not until after the prison term had expired and she was about to be deported by the immigration authorities that an attorney of the Legal Aid Society, acting for Miss Harris, was able to arrange a meeting with the respondent at the prison on November 27, 1934, when the respondent produced a box containing the jewelry and other valuables.

The twenty-four English pounds were missing. The respondent stated they would be found in Miss Harris' trunk, storage receipt for which he delivered. He accounted for the one hundred ten dollars received for the purchase of a steamship ticket as aforesaid by applying part to storage charges and giving a check for the balance, sixty-five dollars, to the order of Miss Harris. Said check was returned unpaid. A search of Miss Harris' trunk revealed an empty purse. The twenty-four English pounds were missing. It appeared at the trial before the referee that the respondent had sold the bank notes.

On December 5 or 6, 1934, the respondent gave to the attorney for the Legal Aid Society his check for two hundred four dollars and forty cents to cover said bank notes, the aforesaid unpaid check of sixty-five dollars, protest fees and certain storage charges which he had agreed to pay. Said check was postdated December 10, 1934. Upon that date certification was refused by the Bronx County Trust Company, upon which the check was drawn, because of insufficient funds. On December 7, 1934, the petition herein had been served on respondent, returnable December 14, 1934. On December 13, 1934, a check of the respondent's brother was given for the sum of two hundred four dollars and forty cents, which was paid on presentation and a general release delivered by Miss Harris.

The evidence clearly indicates that the respondent converted to his own use the money of his client, and delayed the return thereof upon demand because of his financial inability to do so. He has further shown an utter disregard for the truth or the sanctity of an oath in his testimony in this proceeding. That he is unfit to be a member of an honorable profession is demonstrated by a mere statement of the facts.

The respondent should, therefore, be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.